DONOVAN, J., dissenting:
{¶ 28} I dissent. In my view, the trial court reversed the UCRC because reasonable minds might reach different conclusions in this situation. That is not a basis to overturn the UCRC's determination under Irvine . Significantly, the hearing officer found that McLaughlin was not warned that this single incident would result in discharge. We must accept this credibility determination by the hearing officer who saw and heard the testimony of every witness. The hearing officer also concluded that McLaughlin's supervisor, Menz, originally told her she was permitted to take off work on October 16, 2015. Yet the trial court substituted its judgment and concluded McLaughlin was not credible on this point. (Trial Decision page 6). In my view, the trial court's decision is replete with impermissible credibility determinations.
{¶ 29} Accordingly, I would find the hearing officer's decision was not against the manifest weight of the evidence and McLaughlin was not discharged for just cause. Accordingly, I would reverse the decision of the trial court and reinstate the UCRC decision.